FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 AUG 27 PM 2:16
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 491-176 |
| | * | |
| GENARD AKINS | * | |

## ORDER

While on supervised release following his term of imprisonment in the captioned criminal case, Defendant pleaded guilty to two counts of the use of a communication facility in committing, causing, and facilitating a conspiracy to possess with the intent to distribute and to distribute controlled substances (hereinafter referred to as the "drug charges"). (See United States v. Smalls, et al., Criminal Case No. 4:08-315 (S.D. Ga. Nov. 10, 2008).) On June 17, 2009, the Honorable William T. Moore, Jr., sentenced Defendant on the drug charges to a total of 87 months to run consecutively to any term of imprisonment imposed in Defendant's subsequent supervised release revocation proceeding in this case. On July 14, 2009, Defendant was sentenced to serve a 30-month term of imprisonment in the supervised release revocation proceeding. As announced, this 30-month term would run consecutive to the 87-month term on the drug charges.

Pursuant to 18 U.S.C. § 3582(c)(2), on March 15, 2015, Judge Moore reduced the 87-month term for the drug charges by sixteen months pursuant to Amendment 782 to the United States Sentencing Guidelines. (See Doc. No. 1518, Criminal Case No. 4:08-315.) Thereafter, Defendant moved in this case to modify the 30-month term of imprisonment imposed upon revocation of supervised release. The motion was denied by Order of June 24, 2015. (Doc. No. 1490.)

Now, Defendant has filed a motion for reconsideration of the June 24th Order, in which he suggests that the factors of 18 U.S.C. § 3553(a) mitigate in favor of this Court converting his consecutive sentence on revocation to a concurrent one. In lieu of this modification, Defendant asks that the Court recommend to the Bureau of Prisons that he be allowed a twelve-month period in community confinement prior to his release date.

As stated in the June 24th Order, this Court does not have the authority to modify a sentence once it has been imposed with three exceptions, none of which apply here. See 18 U.S.C. § 3582(c)(2). The relief requested by Defendant - that is, the conversion of a consecutive sentence to concurrent and the direction that Defendant serve twelve months in community confinement - are modifications to his sentence. Accordingly, Defendant's motion (doc. no. 1496) must be **DENIED**.

Further, it is the responsibility of the Bureau of Prisons to designate the place of an inmate's confinement. 18 U.S.C. § 3621(b). The Bureau of Prisons may allow prisoners to reside in community confinement centers at the end of their sentences at its discretion. 18 U.S.C. § 3624(c). Here, Defendant has not demonstrated that he has sought the requested relief from the Bureau of Prisons or that the Bureau of Prisons abused its discretion in its placement decision.[1]

**ORDER ENTERED** at Augusta, Georgia, this 27th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] In order to challenge the Bureau of Prisons' determination for community confinement, a prisoner would have to file a petition pursuant to 28 U.S.C. § 2241 in the district of his confinement after fully exhausting his administrative remedies. See United States v. Saldana, 273 F. App'x 845 (11th Cir. 2008); Skinner v. Wiley, 355 F.3d 1293 (11th Cir. 2004).